**JASSY VICK CAROLAN LLP**
JEAN-PAUL JASSY, Cal Bar No. 205513
  jpjassy@jassyvick.com
JEFFREY A. PAYNE, Cal. Bar No. 279034
  jpayne@jassyvick.com
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone:  310-870-7048
Facsimile:   310-870-7010

**MILLER KORZENIK SOMMERS RAYMAN LLP**
DAVID S. KORZENICK (Pro Hac Vice forthcoming)
  dkorzenik@mkslex.com
GILLIAN M. VERNICK (Admitted Pro Hac Vice)
  gvernick@mkslex.com
1501 Broadway, Suite 2015
New York, NY 10036
Telephone:  212-752-9200
Facsimile:   212-688-3996

Attorneys for Defendant
AMERICAN HOCKEY LEAGUE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>AMERICAN HOCKEY LEAGUE, a Massachusetts nonprofit corporation; et al.,<br><br>　　　　　　　Defendants. | Case No. 2:24-CV-07803-RGK-AJR<br><br>Honorable R. Gary Klausner<br><br>**DEFENDANT AMERICAN HOCKEY LEAGUE'S ANSWER TO COMPLAINT**<br><br>**REQUEST FOR JURY TRIAL** |

Defendant the American Hockey League ("AHL") answers, for itself and no others, Plaintiff Associated Music Production LLC's Complaint as follows:

## NATURE OF THE ACTION

1. Paragraph 1 is a statement of the legal bases alleged for the Complaint and does not require a response. That said, AHL denies that it infringed any copyright.

## PLAINTIFF

2. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies them.

## DEFENDANTS

3. AHL admits that it is a 501(c)(6) organization but denies that it is a nonprofit corporation organized under the laws of Massachusetts. AHL admits that it maintains its principal place of business in Springfield, Massachusetts. AHL further admits that there are 32 corporate members of its association and that five of those members (only one of which is a party to this lawsuit) are based in California. AHL denies the remaining allegations in paragraph 3.

4. AHL believes that Utica Comets, LLC is the entity associated with the Utica Comets professional hockey team but denies that Utica Comets, LLC owns the Utica Comets professional hockey team. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 4, including without limitation regarding the responsibility for social media channels, and on that basis denies them.

5. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5, including without limitation regarding the responsibility for social media channels, and on that basis denies them.

6. AHL believes that Ontario Reign Hockey Club, LLC is the entity associated with the Ontario Reign professional hockey team. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the remaining

1  allegations in paragraph 6, including without limitation regarding the responsibility
2  for social media channels, and on that basis denies them.
3        7.    AHL believes that Syracuse Hockey Ownership Team, LP is the entity
4  associated with the Syracuse Crunch professional hockey team. AHL presently lacks
5  sufficient knowledge or information to form a belief as to the truth of the remaining
6  allegations in paragraph 7, including without limitation regarding the responsibility
7  for social media channels, and on that basis denies them.
8        8.    AHL believes that IceArizona AHL CO LLC is the entity associated
9  with the Tucson Roadrunners professional hockey team. AHL presently lacks
10 sufficient knowledge or information to form a belief as to the truth of the remaining
11 allegations in paragraph 8, including without limitation regarding the responsibility
12 for social media channels, and on that basis denies them.
13       9.    AHL believes that Larimer County (not Country) Sports, LLC is the
14 entity associated with the Colorado Eagles professional hockey team. AHL presently
15 lacks sufficient knowledge or information to form a belief as to the truth of the
16 remaining allegations in paragraph 9, including without limitation regarding the
17 responsibility for social media channels, and on that basis denies them.
18       10.   AHL denies that Cavaliers Operating Company, LLC is a member of the
19 AHL. AHL presently lacks sufficient knowledge or information to form a belief as to
20 the truth of the allegations in paragraph 10, and on that basis denies them.
21       11.   AHL denies that Chicago Blackhawk Hockey Team, Inc. is a member of
22 the AHL. AHL presently lacks sufficient knowledge or information to form a belief
23 as to the truth of the allegations in paragraph 11, and on that basis denies them.
24       12.   AHL denies that Capital Sports & Entertainment Inc. is a member of the
25 AHL. AHL presently lacks sufficient knowledge or information to form a belief as to
26 the truth of the allegations in paragraph 12, and on that basis denies them.
27       13.   AHL presently lacks sufficient knowledge or information to form a
28 belief as to the truth of the allegations in paragraph 13, and on that basis denies them.

14. AHL denies the allegations in paragraph 14.

**JURISDICTION AND VENUE**

15. Paragraph 15 contains legal assertions that does not require a response.

16. AHL denies that this Court has personal jurisdiction and denies that that AHL caused any injury to Plaintiff or its intellectual property at all, let alone in California. AHL further denies that it (a) regularly does or solicits business in the State of California; (b) engages in a persistent course of conduct in California; (c) derives substantial revenue from consumers located in California; (d) expects or reasonably expects its acts to have consequences in California; or (e) derives substantial revenue from California.

17. AHL denies that venue is appropriate in this district and denies that any part of the alleged conduct giving rise to Plaintiff's claims occurred or caused injury in Los Angeles County.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies them.

19. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies them.

20. AHL admits that AHL serves as the top development league for the National Hockey League. AHL further admits that its form 990 tax filing submitted on February 26, 2024, describes AHL's mission or most significant activities as "Promot[ing] Professional Hockey in North America"; identifies the total number of individuals employed in calendar year 2022 as 207; and identifies its total revenue for the "Current Year" as $14,925,435. AHL denies the remaining allegations in paragraph 20.

21. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegation that its popularity is at an all-time high, and on that basis denies that allegation. AHL admits that its 2023 championship series was

sold out; that AHL's total 2023 playoff attendance was above a half a million fans; that AHL set a record and high-water mark for playoff ticket revenue in 2023; and that AHL's president and CEO, Scott Howson, has been publicly reported as estimating AHL's revenue for its 2023 season to be 15 to 20 percent above pre-pandemic levels. AHL denies the remaining allegations in paragraph 21.

22. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies them.

23. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies them. To the extent that paragraph 23 could be read to suggest that AHL, as opposed to "AHL teams," infringed any of the Recordings by posting them in connection with any promotional postings, AHL denies those allegations

24. AHL admits that it did not obtain Plaintiff's license, authorization, or consent to synchronize the Recordings with the Infringing Videos but denies that it was required to obtain Plaintiff's license, authorization, or consent and denies that it synchronized any Recording with any Infringing Video. AHL admits that Plaintiff has contacted AHL regarding AHL's alleged unlicensed use of the Recordings and further admits that AHL has refused to admit wrongdoing. But AHL denies that it infringed any of Plaintiff's purported copyright interests, denies that it was required to obtain a license from Plaintiff for any work alleged in the Complaint, and denies that it engaged in any wrongdoing. AHL denies the remaining allegations in paragraph 24.

### FIRST CAUSE OF ACTION
### DIRECT COPYRIGHT INFRINGEMENT
### (Against All Defendants)

25. AHL incorporates by reference and restates its responses to the allegations in the preceding paragraphs.

26. AHL denies the allegations in paragraph 26 as they pertain to AHL.

- 4 -

1 AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 pertaining to the other named defendants, and on that basis denies them.

27. AHL denies the allegations in paragraph 27 as they pertain to AHL. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 pertaining to the other named defendants, and on that basis denies them.

28. Paragraph 28 is a legal assertion that does not require a response, but AHL denies that it infringed on any of Plaintiff's purported copyright interests in any way.

29. AHL denies the allegations in paragraph 29 as they pertain to AHL. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 pertaining to the other named defendants, and on that basis denies them.

30. AHL denies the allegations in paragraph 30.

31. AHL denies the allegations in paragraph 31.

32. AHL denies the allegations in paragraph 32 as they pertain to AHL. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 pertaining to the other named defendants, and on that basis denies them.

**SECOND CAUSE OF ACTION**

**CONTRIBUTORY INFRINGEMENT**

**(Against all Defendants)**

33. AHL incorporates by reference and restates its responses to the allegations in the preceding paragraphs.

34. AHL denies the allegations in paragraph 34 as they pertain to AHL. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 pertaining to the other named defendants, and

on that basis denies them.

35. AHL denies the allegations in paragraph 35 as they pertain to AHL. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 pertaining to the other named defendants, and on that basis denies them.

36. AHL denies the allegations in paragraph 36.

37. AHL denies the allegations in paragraph 37.

38. AHL denies the allegations in paragraph 38 as they pertain to AHL. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 pertaining to the other named defendants, and on that basis denies them.

## THIRD CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT
### (Against all Defendants)

39. AHL incorporates by reference and restates its responses to the allegations in the preceding paragraphs.

40. AHL denies the allegations in paragraph 40 as they pertain to AHL, and in particular denies that AHL has any right or ability to control any of its members' social media. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 pertaining to the other named defendants, and on that basis denies them.

41. AHL denies the allegations in paragraph 41 as they pertain to AHL. AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 pertaining to the other named defendants, and on that basis denies them.

42. AHL denies the allegations in paragraph 42.

43. AHL denies the allegations in paragraph 43.

44. AHL denies the allegations in paragraph 44 as they pertain to AHL.

AHL presently lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 pertaining to the other named defendants, and on that basis denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

Plaintiff's prayer for relief does not require a response. To the extent that any response is required, AHL denies that Plaintiff is entitled to any of the relief requested in the Complaint or any relief whatsoever

## AFFIRMATIVE DEFENSES

AHL alleges the following additional and affirmative defenses in response to the allegations in the Complaint. AHL reserves the right to amend this Answer and these defenses, and AHL is not in any way agreeing or conceding that it has the burden of proof or persuasion on any of these issues.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each of its claims for relief fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. This Court lacks personal jurisdiction over AHL.

## THIRD AFFIRMATIVE DEFENSE

3. Venue is improper in this district because the events giving rise to Plaintiff's claims did not occur in Los Angeles, and Defendants' alleged actions did not cause Plaintiff injury in Los Angeles.

## FOURTH AFFIRMATIVE DEFENSE

4. The Complaint and each of its claims for relief are barred because the Plaintiff lacks standing to assert them.

## FIFTH AFFIRMATIVE DEFENSE

5. The Complaint and each of its claims for relief are barred, in whole or in part, because the Plaintiff has no ownership interest in some or all of the allegedly infringed works.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Complaint and each of its claims for relief are barred, in whole or in part, by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Complaint and each of its claims for relief are barred, in whole or in part, because the Plaintiff is not an exclusive licensee of some or all of the allegedly infringed works.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The Complaint and each of its claims for relief are barred, in whole or in part, because some or all of the allegedly infringed works were not properly registered.

**NINTH AFFIRMATIVE DEFENSE**

9. The Complaint and each of its claims for relief are barred, in whole or in part, because some or all of the allegedly infringed works and/or elements of the allegedly infringed works are in the public domain.

**TENTH AFFIRMATIVE DEFENSE**

10. The Complaint and each of its claims for relief are barred, in whole or in part, because Defendants did not display any protectable expression owned or exclusively controlled by Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Complaint and each of its claims for relief are barred, in whole or in part, because the allegedly infringing elements are not protectable under copyright law.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Complaint and each of its claims for relief are barred, in whole or in part, by the doctrine of copyright misuse.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Complaint and each of its claims for relief are barred, in whole or in

part, by the doctrine of fair use.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The Complaint and each of its claims for relief are barred, in whole or in part, by the doctrine of de minimis use.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The Complaint and each of its claims for relief are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The Complaint and each of its claims for relief are barred, in whole or in part, by the doctrines of waiver, acquiescence, consent, and/or estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. The Complaint and each of its claims for relief are barred, in whole or in part, by the doctrines of unclean hands, and/or in pari delicto.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The Complaint and each of its claims for relief are barred, in whole or in part, because Defendants had a license (express or implied).

**NINETEENTH AFFIRMATIVE DEFENSE**

19. The Complaint and each of its claims for relief are barred, in whole or in part, because Defendants have not acted with the requisite degree of knowledge, intent, fault, or willfulness.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. The Complaint and each of its claims for relief are barred, in whole or in part, because Defendants acted innocently.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. The Complaint, to the extent that it seeks injunctive relief, is barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' alleged actions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.  The Complaint and each of its claims for relief are barred, in whole or in part, to the extent that the Complaint arises from conduct not attributable to Defendants, and any recovery by Plaintiff should be reduced in proportion to the fault of others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.  To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff failed to take the steps necessary to mitigate the damages, if any, sustained, and any such damages should be barred or reduced.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.  The Complaint and each of its claims for relief are barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, imaginary, and/or speculative.

## PRAYER FOR RELIEF

AHL prays for relief as follows:

1.  Plaintiff takes nothing by this action;
2.  AHL be awarded a judgment in its favor against Plaintiff;
3.  AHL recover attorneys' fees and costs of suit; and
4.  The Court grant such other and further relief as it deems just and proper.

/ / /

/ / /

# REQUEST FOR JURY TRIAL

AHL requests a jury trial for all issues so triable.

Dated: December 5, 2024

By:    */s/ Jeffrey A. Payne*

Jean-Paul Jassy
Jeffrey A. Payne
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Email:    jpjassy@jassyvick.com
             jpayne@jassyvick.com

David Korzenik (pro hac vice forthcoming)
Gillian Vernick (admitted pro hac vice)
MILLER KORZENIK SOMMERS RAYMAN LLP
1501 Broadway, Suite 2015
New York, NY 10036
Telephone: (212) 752-9200
Email:    dkorzenik@mkslex.com
             gvernick@mkslex.com

Attorneys for Defendant
AMERICAN HOCKEY LEAGUE